**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ENTEGRIS, INC.,

    Plaintiff,

v.                                                                           Case No: 8:22-cv-1475-CEH-AEP

JONATHAN TODD BARTLETT,

    Defendant.

_____

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND REFERRING MOTION FOR LIMITED EXPEDITED DISCOVERY AND PRELIMINARY INJUNCTION TO THE MAGISTRATE JUDGE**

This cause comes before the Court on Plaintiff's Motion for Temporary Restraining Order, Limited Expedited Discovery, and Preliminary Injunction with Supporting Memorandum of Law ("Motion") (Doc. 5).

Plaintiff Entegris, Inc.'s Verified Complaint alleges claims of breach of contract and misappropriation of trade secrets against Defendant Jonathan Bartlett (Doc. 1). Plaintiff alleges that Defendant, its former employee, has copied and retained files that contain confidential material in violation of his employment agreement and state and federal statutes prohibiting the misappropriation of trade secrets. *Id.* The Motion seeks immediate relief enjoining Defendant from accessing, disclosing, or using the confidential material, directing him to immediately return the material, and requiring him to submit his personal devices and storage accounts for a forensic examination. *Id.* ¶ 6; Doc. 5.

Upon review of the Motion, the Court will treat it as a motion for preliminary injunction and refer it to Magistrate Judge Anthony E. Porcelli.

## DISCUSSION

Rule 65 permits the Court to enter a preliminary injunction or temporary restraining order. Fed. R. Civ. P. 65. However, "[t]he issuance of a temporary restraining order or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2001) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)). A temporary restraining order may be granted *ex parte* only upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Local Rule 6.01(b), Middle District of Florida, further requires that a motion for a temporary restraining order establish, *inter alia*, "the irreparable nature of the threatened injury and the reason that notice is impractical." In contrast, the Court may issue a preliminary injunction only on notice to the adverse party and after conducting a hearing. Fed. R. Civ. P. 65(a); Local R. M.D. Fla. 6.02.

Here, although the Motion is titled as a motion for a temporary restraining order and preliminary injunction, Plaintiff has not demonstrated why providing notice to Defendant is impractical—and, in fact, it has provided such notice. *See* Doc. 1 at 35 *and* Doc. 5 at 25 (each containing a certificate of service on Defendant's counsel); Doc. 1-4 (before the filing of the instant action, notifying Defendant of its concerns and making the same demands it now requests as injunctive relief).

Further, Plaintiff's actions fail to demonstrate the immediacy required for the issuance of injunctive relief without the opportunity for Defendant to be heard. *See* Fed. R. Civ. P. 65(b(1)(A). The Complaint contains a letter (Doc. 1-5) that Defendant's counsel sent in response to Plaintiff's demand letter (Doc. 1-4). Defendant's letter is dated May 20, 2022, in compliance with the 7-day deadline set in Plaintiff's demand letter *See* Doc. 1-5 at 2; Doc. 1-4 at 4. Plaintiff does not allege any facts that occurred more recently than its receipt of Defendant's letter. The delay of more than five weeks between the receipt of this letter and the filing of the instant action weakens Plaintiff's claim that the potential harm of dissemination is "so imminent that a hearing is not practical" and harm is inflicted "each day" (Doc. 5 at 2).

Further cutting against the immediacy of the harm is Plaintiff's apparent lack of response to Defendant's stated willingness to return or destroy the confidential material. Although Defendant did not agree to comply with every aspect of the demand letter, he did convey his clear consent to the aspect with which the Motion is most concerned: the return of the confidential material (Doc. 1-5 at 4-7; *see* Doc. 5 at 21, 32). Defendant "agreed" to that demand without limitation and requested that Plaintiff "provide instructions for" their delivery or destruction (Doc. 1-5 at 5-6). Yet Plaintiff has given no indication that it provided these instructions or had any further communications with Defendant regarding his agreement to its demand.[1]

---

[1] The Court disagrees with Plaintiff's characterization of Defendant's response as "refusing to provide Entegris access to…certain other files containing IP he unilaterally deemed to belong

3

Finally, the instant action presents multiple distinctions from the cases relied on by Plaintiff in which courts granted *ex parte* relief. In *Freedom Medical, Inc. v. Sewpersaud*, 6:20-cv-771-RBD-GJK, 2020 WL 8370952, *2-3 (M.D. Fla. May 6, 2020), for example, the court issued an *ex parte* temporary restraining order where the plaintiff had provided evidence that the defendant had become employed by a direct competitor in violation of his employment agreement, and had actively solicited the plaintiff's former clients. There was also evidence that the defendant had lied to the plaintiff and to his new employer, had acted against the plaintiff's interests even while he was still employed there, and had consistently attempted to conceal his misconduct. *Id.* at *2-4. The court therefore found that he presented an imminent threat of irreparable harm to plaintiff, warranting immediate relief. *Id.* at *4. Similarly, the court granted *ex parte* injunctive relief in *Nephron Pharmaceuticals Corp. v. Hulsey*, 6:18-cv-1573-GAP-LHP, 2016 WL 11198250, *3-5 (M.D. Fla. Sept. 26, 2018), where there was affirmative evidence that the defendant was soliciting the plaintiff's clients in her new role with a direct competitor, and that she had falsely denied being in possession of any confidential information. The court emphasized that the plaintiff's actions in sending several cease and desist letters, promptly following up with every communication, and

---

to him" (Doc. 1 ¶ 63). Although Defendant noted that the employment agreement permits him to retain any material that qualifies as Excluded Inventions and Works of Authorship or Independent Research, *see* Doc. 1-1 §§ 1.5, 1.6, he did not claim that any items in his possession fell under these exclusions; nor did he limit the material he agreed to return (Doc. 1-5 at 2, 5-6). To the extent that Plaintiff interpreted his response as a refusal to turn over some of the material, however, the Complaint contains no indication that Plaintiff ever attempted to clarify which if any files were in dispute and obtain the return of the more than 600,000 files he readily agreed to turn over.

filing the action just three days after the parties' last contact revealed they were at an impasse, "reflect[ed] its diligence and urgency." *Id.* at *6.

The parties' conduct in the instant action stands in contrast to those in *Nephron* and *Freedom Medical*. Despite Plaintiff's suspicion regarding Defendant's actions and motivations, it has offered no affirmative evidence that he has engaged in misconduct.[2] Indeed, Defendant responded promptly to the demand letter and offered to return the property in compliance with his employment agreement (Doc. 1-5). Nor do Plaintiff's actions reflect its own urgency, as discussed above. These cases do not provide support for *ex parte* relief in the instant action.

Moreover, the injunctive relief in the remaining cases on which Plaintiff relies was granted only after a hearing. *Hayes Healthcare Services, LLC v. Meacham*, , 2019 WL 2637053 (S.D. Fla. Feb. 1, 2019); *AutoNation, Inc. v. Peters*, 16-60010-CIV-Cohn/Seltzer, 2016 WL 1722365 (S.D. Fla. April 29, 2016); *VAS Aero Services, LLC v. Arroyo*, 860 F.Supp.2d 1349 (S.D. Fla. 2012). Here, too, the Court finds that notice to the adverse party and an opportunity to be heard is warranted before the issuance of immediate injunctive relief. Therefore, this case will proceed as a preliminary injunction.

---

[2] The Court also cannot agree, at this time, that Plaintiff's evidence establishes that Defendant has "unquestionably breached" the employment agreement (Doc. 5 at 13). The agreement expressly permits the reproduction of material as reasonably necessary to perform services of employment. Doc. 1-1 § 2.5(a); *see* Doc. 1-5 at 3; *cf.* Doc. 1 ¶ 80. It is also unclear whether directing Defendant to complete the exit interview form constituted a "request" for return of the confidential material that triggered his obligations under § 2.5(b) of the agreement. *See* Doc. 5 at 11, 13. These issues and others concerning Plaintiff's likelihood of success on the merits are appropriate for exploration at a preliminary injunction hearing.

5

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Temporary Restraining Order is **DENIED**. Pursuant to 28 U.S.C. § 636, Plaintiff's Motion for Limited Expedited Discovery and Preliminary Injunction with Supporting Memorandum of Law (Doc. 5) is hereby **REFERRED** to Magistrate Judge Anthony E. Porcelli, who shall enter an order or submit a report and recommendation as to the appropriate disposition of the motion.

**DONE** and **ORDERED** in Tampa, Florida on June 30, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:

The Honorable Magistrate Judge Anthony E. Porcelli
Counsel of Record
Unrepresented Parties