**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ENTEGRIS, INC.,

    Plaintiff,

v.                                                            Case No: 8:22-cv-1475-CEH-AEP

JONATHAN TODD BARTLETT,

    Defendant.

---

**ORDER AND**
**STIPULATED PERMANENT INJUNCTION**

This matter comes before the Court on the Joint Motion for Entry of Stipulated Permanent Injunction (Doc. 29) that Plaintiff Entegris, Inc., and Defendant Jonathan Bartlett filed on October 14, 2022.

This case arises from a dispute regarding Defendant's alleged retention of confidential material following his resignation from employment with Plaintiff. Doc. 1. Plaintiff filed this action on June 28, 2022, alleging claims of breach of contract and misappropriation of trade secrets. *Id.* Plaintiff also sought injunctive relief restraining Defendant from accessing, disclosing, or using the confidential material, directing him to immediately return the material, and requiring him to submit his personal devices and storage accounts for a forensic examination. *Id.* ¶ 6; Doc. 5.

On August 17, 2022, the parties moved to stay the action, representing that they were engaging in ongoing settlement negotiations that they anticipated being successful. Doc. 27 at 1-2. Accordingly, on August 19, 2022, the Court entered an

order dismissing the action without prejudice for a period of 60 days to allow the parties to either move to reopen the action upon a showing of good cause, or to file a stipulated final order or judgment. Doc. 28 at 1.

On October 14, 2022, before the 60-day period expired, the parties informed the Court that they had settled all claims and disputes among them. They further notified the Court that the terms of their settlement include the entry of a Stipulated Permanent Injunction that permanently prohibits Defendant from using, disclosing, or retaining any confidential information of Plaintiff, and prohibits Defendant from soliciting or inducing Entegris employees to leave or reduce their employment for a period of six months. Doc. 29-1.

Upon consideration of the record and the Joint Motion for Entry of Stipulated Permanent Injunction, the Court finds that entry of a Permanent Injunction is appropriate. Accordingly, it is hereby **ORDERED**:

1. The Joint Motion for Entry of Stipulated Permanent Injunction (Doc. 29) is **GRANTED**.

2. The Court enters the following **Stipulated Permanent Injunction**:

    i. Following the completion of the Parties' stipulated forensic protocol, Jonathan Todd Bartlett ("Mr. Bartlett") is hereby permanently enjoined from directly or indirectly using, disclosing, copying, transmitting, and/or retaining any Confidential Information of Entegris, Inc. ("Entegris") (as defined in Paragraph 3 below) for any purpose whatsoever, absent express written permission from Entegris.

    ii. For six (6) months from entry of this Order, Mr. Bartlett shall not, directly or indirectly, solicit or induce, or attempt to solicit or induce any person who is an employee or consultant of Entegris to: (1) terminate such person's employment with or engagement by Entegris,

      (2) reduce such person's time commitment to Entegris, or (3) commence employment with any other person or firm.

iii. "Confidential Information of Entegris," as that term is used above, consists of all information, including a formula, pattern, compilation, program, device, method, technique, or process, that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, that is: (1) owned by, possessed by, or rightfully belonging to Entegris, and (2) relating to its products, potential products, contracts, specifications, processes, know-how, designs, formulas, data, inventions, discoveries, improvements, processes, customer lists, business plans, marketing plans and strategies, pricing strategies and other subject matter pertaining to any research, business, or planned or contemplated business of Entegris, or any customer of Entegris or other party that heretofore has or hereafter may contract with the Entegris for the performance of services or delivery of products. For the avoidance of doubt, "Confidential Information of Entegris," as that term is used above, does not include information that is in the public domain through no wrongful action or inaction by Mr. Bartlett or by others who were under confidentiality obligations, or information not in the public domain and rightfully belonging to Entegris that, to the best of Mr. Bartlett's knowledge or belief, is rightfully authorized to be shared with Mr. Bartlett in the future.

iv. To the extent that Mr. Bartlett has taken any actions prior to the entry of this Order that would be prohibited by paragraphs 1 and 2 of this Order if such actions post-dated the Order, Mr. Bartlett shall immediately cease such actions.

v. Entegris and Mr. Bartlett further stipulate that the parties waive their right to a preliminary injunction hearing, and that this Court need take no further action on Entegris' request for a preliminary injunction.

vi. This is a permanent injunction that shall survive dismissal of this action.

3. As the parties have resolved this dispute, it is **ORDERED AND ADJUDGED** that this cause is hereby **DISMISSED** with prejudice. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Tampa, Florida on November 4, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties